## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RAMON E. VARGAS, RANDY FLAMBO, AND GARRY CIVIL, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) ) | CASE NO. _____ |
| Plaintiffs, | ) ) | **CLASS ACTION** |
| v. | ) ) | **NOTICE OF REMOVAL** |
| SPIRIT DELIVERY & DISTRIBUTION SERVICES, INC., | ) ) ) | |
| Defendant. | ) ) | |

PLEASE TAKE NOTICE that Defendant, Spirit Delivery & Distribution Services, Inc., respectfully removes this case from the Worcester Superior Court, Commonwealth of Massachusetts, to the United States District Court for Massachusetts.  In support of this removal, Defendant states as follows:

1.    **The Action**.  Plaintiff, Ramon E. Vargas ("Vargas"), filed his Class Action Complaint, Compensatory and Injunctive Relief Requested and Jury Demand, captioned *Ramon E. Vargas, individually and on behalf of a class of similarly situated individuals v. Spirit Delivery & Distribution Services, Inc.*, Case No. 13-1164C (the "Complaint") in the Superior Court of Worcester, Commonwealth of Massachusetts on June 28, 2013.  On October 16, 2013, a First Amended Complaint (the "Amended Complaint") was filed adding Randy Flambo ("Flambo") and Garry Civil ("Civil") as plaintiffs.  The Amended Complaint asserts causes of action for (1) a violation of Massachusetts Wage Law, as a result of an alleged violation of the Massachusetts Independent Contractor Law; (2) Unjust Enrichment; and (3) Quantum Meruit. *Amended Complaint*, ¶¶ 19-24.  Copies of all of the process, pleadings and orders filed in the Worcester Superior Court that have been served on Defendant are attached as *Exhibit A*.

2.    **Statutory Grounds for Removal.**  This action is removable under 28 U.S.C. § 1441(a).  28 U.S.C. § 1441(a) provides for the removal of state court civil actions over which

U.S. District Courts have original jurisdiction.  As explained in greater detail below, this Court has original jurisdiction over this case under 28 U.S.C. § 1332(a) because Defendant and Plaintiffs are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.  For this reason, and because Defendant is not a citizen of the Commonwealth of Massachusetts where this action was brought, this action is removable pursuant to 28 U.S.C. § 1441(b).

**3.**     **Citizenship of the Parties.**  Plaintiff Vargas alleges he is a resident of Milford, Massachusetts.  *Amended Complaint*, ¶ 3.  Plaintiff Flambo alleges he is a resident of Randolph, Massachusetts.  *Amended Complaint*, ¶ 4.  Plaintiff Civil alleges he is a resident of Brockton, Massachusetts.  *Amended Complaint*, ¶ 5.  They are therefore all citizens of Massachusetts.

Defendant is a New Jersey corporation with its principal place of business in New Providence, New Jersey, and is therefore a citizen of New Jersey.  *Declaration of Maurizio Pontoriero ("Pontoriero Decl."), ¶* 2, attached hereto as *Exhibit B; Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters— provided that the headquarters is the actual center of direction, control, and coordination").

Thus, the diversity requirements of 28 U.S.C. §§ 1332(a)(1) are satisfied.

**4.**     **Amount in Controversy – 28 U.S.C. § 1332(a)**.  Although Defendant denies all of Plaintiffs' material allegations, the amount in controversy exceeds the $75,000 jurisdictional threshold under 28 U.S.C. § 1332(a), by virtue of the Amended Complaint's allegations.

i.     *Deductions & Expenses.*  Plaintiff Vargas states he worked for Defendant "from approximately May 2011 to August 2012." *Amended Complaint*, ¶ 3.  Plaintiff Vargas claims during this time Defendant required Plaintiffs "be subject to deductions from their paychecks for any alleged damage or problem with any delivery or installation," as well as requiring Plaintiffs "to bear the expenses of employment" in violation of Massachusetts law. *Amended Complaint*, ¶

2

20.   Among the employment-related costs Plaintiffs claim Defendant forced them to bear, or otherwise deducted from, Plaintiffs' compensation include: "insurances (including workers' compensation insurance) and administrative costs," vehicle purchase or lease costs, "fuel costs, vehicle maintenance costs, and payments to helpers." *Amended Complaint,* ¶¶ 11, 14.  A review of Defendant's settlement statement records indicates approximately $42,697 was deducted from Plaintiff Vargas's claimed settlement statements during the time Plaintiff Vargas claims he "worked for" Defendant from May 2011 to August 2012. *Pontoriero  Decl.,* ¶ 3.

ii.   *Treble Damages.*   Plaintiffs further request that the Court award "trebled damages," meaning the amount in controversy based on the alleged wrongful deductions and expenses would be tripled from $42,697 to **$128,091** for Plaintiff Vargas.

iii.   *Attorney Fees.*   Attorney fees may also be included in the amount in controversy if an underlying statute authorizes their award. *Spielman v. Genzyme,* 251 F.3d 1, 7 (1st Cir. 2001) (attorney fees award may be included in the amount in controversy when an underlying statute authorizes their award).  Plaintiffs seek attorney's fees in this case,  *Amended Complaint* at p. 7, and the underlying statute authorizes their award.  *See Somers v. Converged Access, Inc.*, 911 N.E.2d 739, 748 (Mass. 2009) (noting that "employees claiming to be aggrieved by violations of the independent contractor statute" are entitled to attorneys' fees if successful on claim).

vii. *Other Claims.*  Plaintiffs assert entitlement to other claims, including claims for "certain expenses which would normally be borne by an employer, such as for fuel costs, vehicle maintenance costs, and payments to helpers." *Amended Complaint,* ¶ 14.

It is therefore beyond dispute that a reasonable probability exists that the amount in controversy exceeds the $75,000 jurisdictional threshold.  *See, e.g.*, *Youtsey v. Avibank Mfg., Inc.,* 734 F. Supp. 2d 230, 233 (D. Mass. 2010) (confirming defendant's burden is to demonstrate a "reasonable probability" that amount in controversy is met).

**5.**     **Timeliness of Removal.**  Pursuant to 28 U.S.C. § 1446(b), a defendant must file its notice of removal within 30 days of receiving a copy of the complaint.  Defendant was served

3

a copy of the Complaint on September 20, 2013.  Defendant's notice of removal is therefore timely filed.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

      **6.**    **Notice of Removal to Adverse Parties and to State Court Clerk**.  Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly give written notice of the removal to Plaintiffs and to the Clerk of the Worcester Superior Court, Commonwealth of Massachusetts.  Specifically, promptly after filing this Notice of Removal, Defendant shall send a Notice of Removal to Adverse Parties and file a copy of the Notice of Removal with the Court Clerk for the Worcester Superior Court, Commonwealth of Massachusetts, a true and correct copy of the Notice of Removal to Adverse Parties is attached hereto as *Exhibit C.*

      **7.**    **No Waiver**.  By filing this Notice of Removal, Defendant does not waive any defenses available to it.

      WHEREFORE, Defendant respectfully removes this case to this Court.

Respectfully submitted,

**SPIRIT DELIVERY & DISTRIBUTION SERVICES, INC.**

By its attorneys,

 /s/ Judith A. Leggett
Judith A. Leggett, BBO No. 635346
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA  02210
Phone: 617.439.7563
Fax: 617.342.4931
jleggett@morrisonmahoney.com

*Attorney for Defendant, Spirit Delivery & Distribution Services, Inc.*

4

1440797v1

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2013, the foregoing *Notice of Removal* was filed electronically.  I further certify that a copy of the foregoing has been served upon the following, via overnight mail and First Class U.S. Mail on October 18, 2013:

Harold L. Lichten
hlichten@llrlaw.com
Benjamin L. Weber
bweber@llrlaw.com
Lichten & Liss-Riordan, P.C.
100 Cambridge St., 20th Flr
Boston, MA 02114

James W. Simpson, Jr.
Jwsimpson11@verizon.net
100 Concord Street, Suite 3b
Framingham, MA 01702

/s/ Judith A. Leggett

1440797v1