## COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth

SERVED
DATE  Civil Action  9/20/13
RALPH FROEHLICH, SHERIFF
UNION COUNTY, NEW JERSEY
No. _____
BY __Robert delp_____
Sheriff's Officer

Ramon E. Vargas, et al.

Plaintiff(s)

v.

**SUMMONS**

Spirit Delivery &=Distribution Services, INc.

Defendant(s)

* To the above-named Defendant: Spirit Delivery & Distribution Services, Inc. c/o President Jose Llano
200 South Street, New Providence, NJ 07974

You are hereby summoned and required to serve upon ..Harold..Lichten.........
..of..Lichten..&..Liss-Riordan.,..P..C............................................., plaintiff's attorney,
whose address is ..100..Cambridge..St...20Fl.,..Boston..MA..02114.........................
an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness Barbara J. Rouse, at Worcester, the ...13th.............................
day of ..September..............................in the year of our Lord two thousand and
...13..............

Dennis P. McManus, Esquire, Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
    If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT —
CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

* NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, room 1008.

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS

SUPERIOR COURT
Civil Docket No.: 2013-01164-C

|   |   |
|---|---|
| RAMON E. VARGAS, RANDY FLAMBO, and GARRY CIVIL, individually and on behalf of a class of similarly situated individuals, <br><br> Plaintiffs, <br><br> v. <br><br> SPIRIT DELIVERY & DISTRIBUTION SERVICES, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## FIRST AMENDED COMPLAINT

**I. INTRODUCTION**

1. This is an action brought on behalf of current and former Massachusetts delivery drivers who work for Defendant Spirit Delivery & Distribution Services, Inc. ("Spirit") challenging Spirit's unlawful misclassification of its delivery drivers as independent contractors instead of as employees.

2. The named plaintiffs and other similarly situated individuals have worked full-time for providing delivery services to Spirit and are, thusly, employees under G.L. c. 149, § 148B. As a result of Spirit's misclassification of its drivers, the named Plaintiffs and other similarly situated individuals have been denied various rights and benefits and have been subject

1

to illegal deductions from their wages in violation of G.L. c. 149, § 148. Furthermore, Spirit has been unjustly enriched by this practice.

## II. PARTIES

3. Plaintiff Ramon E. Vargas is an adult resident of Milford, Massachusetts. From approximately May 2011 to August 2012, Mr. Vargas worked for Spirit in Massachusetts as a delivery driver.

4. Plaintiff Randy Flambo is an adult resident of Randolph, Massachusetts. From approximately August 1, 2012 to June 10, 2013, Mr. Flambo worked for Spirit in Massachusetts as a delivery driver.

5. Plaintiff Garry Civil is an adult resident of Brockton, Massachusetts. From approximately August 1, 2012, to October 30, 2012, Mr. Civil worked for Spirit in Massachusetts as a delivery driver.

6. The above-named plaintiffs bring this action on behalf of a class of similarly-situated individuals, namely, all other persons who have worked for Spirit as delivery drivers in Massachusetts, and who have either been classified as independent contractors or have not been paid or treated as employees.

7. Defendant Spirit Delivery & Distribution Services, Inc. is a foreign corporation incorporated under the laws of New Jersey, with its headquarters in New Providence, New Jersey. Spirit does business in Massachusetts and operates facilities in Franklin, Massachusetts, and in Dedham, Massachusetts.

## III. STATEMENT OF FACTS

8. Spirit is in the business of providing the delivery of retail merchandise to its customers. Spirit provides delivery services in Massachusetts for companies such as Home

Depot and General Electric. To carry out this central function, Spirit purports to hire "independent contractors" to provide these delivery services.

9. The named and class Plaintiffs have performed delivery services for Spirit. To receive such work, Spirit has required the named Plaintiffs and some of the class Plaintiffs to sign an agreement which states the drivers are independent contractors.

10. Although Spirit has classified Plaintiffs and its other drivers as independent contractors, the control manifested over the drivers by Spirit demonstrates that they are the Spirit's employees. Such control includes, but is not limited to the following matters:

   a. The drivers are required to report to facilities maintained by Spirit in Franklin, Massachusetts, and in Dedham, Massachusetts, by 6 a.m., five days a week, at which time they are provided with a list of deliveries which they must make.

   b. The drivers are instructed to load the goods to be delivered onto their trucks in a specific order.

   c. The drivers are provided with a daily manifest by Spirit specifying what products need to be delivered, the order in which deliveries are to be made, and locations where deliveries to be made.

   d. The drivers are required to wear a uniform embossed with the Spirit logo when making deliveries for Spirit.

   e. The drivers are required to carry a cell phone so that they can receive calls from Spirit. Spirit contacts its drivers during the day with instructions related to cancellations and rescheduling of deliveries.

   f. The drivers are required to be in contact with Spirit dispatchers throughout the day regarding the status of deliveries.

3

g. The drivers leave their trucks at Spirit facilities when they are not making deliveries.

h. The drivers are required to call Spirit when arriving at a delivery destination and call Spirit when leaving the destination.

i. The drivers are required to get signatures from customers when deliveries are made.

j. The drivers are required to obtain liability and worker's compensation insurance.

11. Spirit also requires delivery drivers with which it contracts to have or lease a truck that meets specifications determined by Spirit.

12. The named and class Plaintiffs perform work which is in the usual course of business of Spirit – i.e. the drivers perform delivery services and Spirit is engaged in the business of providing delivery services to its customers.

13. The named and class Plaintiffs do not have independently established trades or businesses in that they are dependent upon Spirit for their work, they do not negotiate with Spirit customers regarding the rates charged for their services, and they do not contract with Spirit customers independent of Spirit.

14. As a result of the drivers' classification as independent contractors, Spirit deducts certain expenses directly from their checks, including deductions for insurances (including workers' compensation insurance) and administrative costs, and compels its drivers to incur certain expenses which would normally be borne by an employer, such as for fuel costs, vehicle maintenance costs, and payments to helpers.

15. When Spirit determines, in its sole discretion, that a delivery has been made in a manner it deems to be unsatisfactory (e.g., damaged goods, damage to customer property), Spirit

will deduct the costs of such damage from Plaintiffs' pay checks. Plaintiffs cannot appeal such deductions. Spirit also deducts monies from the Plaintiffs' pay for customer complaints.

16. Plaintiffs have sought and obtained permission from the Massachusetts Attorney General's Fair Labor Division to seek relief through a civil action.

## IV. CLASS ALLEGATIONS

17. Plaintiffs bring this action individually and on behalf of a class of individuals similarly situated. Specifically, they seek to represent a class of individuals who have performed delivery services as drivers for Spirit in the Commonwealth of Massachusetts.

18. The class meets all the prerequisites of Mass. R. Civ. P. 23. The class is so numerous the joinder of all individuals would be impractical, and proceeding as a class action is a superior method to prosecute this action. There are questions of both fact and law common to the class that make class certification appropriate, including, the question of whether Spirit misclassified its delivery drivers as independent contractors under Massachusetts law. The claims of the named Plaintiffs are typical of the claims of the class members Plaintiffs. Plaintiffs' counsel, who have been class counsel in many similar cases, will adequately represent the interests of the class.

### COUNT I

### Violation of Massachusetts Wage Law

19. Plaintiffs hereby incorporate paragraphs 1-18 as if fully set forth herein, and for a cause of action by Plaintiff alleges as follows:

20. Defendant, as an employer under G.L. c. 149, § 148B, violated G.L. c. 149, § 148, by requiring (1) that the named and class Plaintiffs be subject to deductions from their paychecks for any alleged damage or problem with any delivery or installation; and (2) by requiring named

5

and class Plaintiffs to bear the expenses of employment, such as for payments for insurance, maintenance of their vehicles, fuel expenses, and uniforms.

## COUNT II

### Unjust Enrichment

21. Plaintiffs hereby incorporate paragraphs 1-20 as if fully set forth herein, and for a cause of action by Plaintiff alleges as follows:

22. As a result of the Defendant's conduct in knowingly misclassifying the named and class Plaintiffs as independent contractors and accepting the work services performed by them, the Defendant has forced its drivers to bear the costs and obligations that would normally be borne by an employer, thereby unjust enriching itself to the detriments of the named and class Plaintiffs in violation of the common law of Massachusetts. Such unjust enrichment includes the Defendant's requiring the named and class Plaintiffs to bear costs of Defendant's business, including payments for worker's compensation, liability insurance, vehicle maintenance, fuel, and uniforms.

## COUNT III

### Quantum Meruit

23. Plaintiffs hereby incorporate paragraphs 1-22 as if fully set forth herein, and for a cause of action by Plaintiffs allege as follows:

24. The named and class Plaintiffs have been deprived by the Defendant of the fair value of their services, as described above, and are, therefore, entitled to recover in *quantum meruit*, the value of their services pursuant to the common law of Massachusetts.

## JURY DEMAND

**THE PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL CLAIMS.**

WHEREFORE, Plaintiff requests this honorable Court to:

i. Certify this action to proceed as a class action;

ii. Issue declaratory, injunctive, and compensatory relief as well as damages and statutory damages holding that named and class Plaintiffs have been misclassified as independent contractors when they are really employees, and requiring the Defendant to classify Plaintiffs as employees and grant them all appropriate compensatory relief as provided by law, including treble damages, attorneys' fees, interest, and costs.

Respectfully submitted,

RAMON E. VARGAS, RANDY FLAMBO, and
GARRY CIVIL, individually and
on behalf of a class of similarly situated individuals,

By their attorneys,

_____
Harold L. Lichten, BBO # 549689
Benjamin J. Weber, BBO # 673736
Lichten & Liss-Riordan, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800
hlichten@llrlaw.com
bweber@llrlaw.com

James W. Simpson, Jr., BBO #634344
100 Concord Street, Suite 3b
Framingham, MA 01702
(508)872-0002
jwsimpson11@verizon.net

Dated: October 16, 2013

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the First Amended Complaint was served by first-class mail on counsel for Defendant Spirit Delivery and Distribution Services, Inc. on October 16, 2013.

_____
Benjamin J. Weber

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS                                SUPERIOR COURT 13-1164 C
                                             Civil Action No. _____

RAMON E. VARGAS, individually and       )
on behalf of a class of similarly situated )
individuals,                            )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )
                                        )
SPIRIT DELIVERY & DISTRIBUTION          )
SERVICES, INC.,                         )
                                        )
        Defendant.                      )

RECEIVED
JUN 28 2013
CLERK OF COURTS
WORCESTER COUNTY

## CLASS ACTION COMPLAINT, COMPENSATORY AND INJUNCTIVE RELIEF REQUESTED AND JURY DEMAND

I. INTRODUCTION

1. This is an action brought on behalf of current and former Massachusetts delivery drivers who work for Defendant Spirit Delivery & Distribution Services, Inc. ("Spirit") challenging Spirit's unlawful misclassification of its delivery drivers as independent contractors instead of as employees.

2. The named plaintiff and other similarly situated individuals work full-time for providing delivery services to Spirit and are, thusly, employees under G.L. c. 149, § 148B. As a result of Spirit's misclassification of its drivers, the named Plaintiff and other similarly situated individuals have been denied various rights and benefits and have been subject to illegal

1


deductions from their wages in violation of G.L. c. 149, § 148. Furthermore, Spirit has been unjustly enriched by this practice.

## II. PARTIES

3. Plaintiff Ramon E. Vargas is an adult resident of Milford, Massachusetts. From approximately May 2011 to August 2012, Vargas worked for Spirit in Massachusetts as a delivery driver.

4. The above-named plaintiff brings this action on behalf of a class of similarly-situated individuals, namely, all other persons who have worked for Spirit as delivery drivers in Massachusetts, and who have either been classified as independent contractors or have not been paid or treated as employees.

5. Defendant Spirit Delivery & Distribution Services, Inc. is a foreign corporation incorporated under the laws of New Jersey, with its headquarters in New Providence, New Jersey. Spirit does business in Massachusetts and operates a facility in Franklin, Massachusetts.

## III. STATEMENT OF FACTS

6. Spirit is in the business of providing the delivery of retail merchandise to its customers. Spirit provides delivery services in Massachusetts for companies such as Home Depot and General Electric. To carry out this central function, Spirit purports to hire "independent contractors" to provide these delivery services.

7. The named and class Plaintiffs have performed delivery services for Spirit. To receive such work, Spirit has required the named Plaintiffs and some of the class Plaintiffs to sign an agreement which states the drivers are independent contractors.

8. Although Spirit has classified Plaintiff and its other drivers as independent contractors, the control manifested over the drivers by Spirit demonstrates that they are the Spirit's employees. Such control includes, but is not limited to the following matters:

a. The drivers are required to report to a facility maintained by Spirit in Franklin, Massachusetts, by 6 a.m., five days a week, at which time they are provided with a list of deliveries which they must make.

b. The drivers are instructed to load the goods to be delivered onto their trucks in a specific order.

c. The drivers are provided with a daily manifest by Spirit specifying what products need to be delivered, the order in which deliveries are to be made, and locations where deliveries to be made.

d. The drivers are required to wear a uniform embossed with the Spirit logo when making deliveries for Spirit.

e. The drivers are required to carry a cell phone so that they can receive calls from Spirit. Spirit contacts its drivers during the day with instructions related to cancellations and rescheduling of deliveries.

f. The drivers are required to be in contact with Spirit dispatchers throughout the day regarding the status of deliveries.

g. The drivers leave their trucks at the Spirit facility when they are not making deliveries.

h. The drivers are required to call Spirit when arriving at a delivery destination and call Spirit when leaving the destination.

3

  i.  The drivers are required to get signatures from customers when deliveries are made.

  j.  The drivers are required to obtain liability and worker's compensation insurance.

  9.  Spirit also requires delivery drivers with which it contracts to have or lease a truck that meets specifications determined by Spirit.

  10.  The named and class Plaintiffs perform work which is in the usual course of business of Spirit – i.e. the drivers perform delivery services and Spirit is engaged in the business of providing delivery services to its customers.

  11.  The named and class Plaintiffs do not have an independently established trade or business in that they are dependent upon Spirit for their work, they do not negotiate with Spirit customers regarding the rates charged for their services, and they do not contract with Spirit customers independent of Spirit.

  12.  As a result of the drivers' classification as independent contractors, Spirit deducts certain expenses directly from their checks, including deductions for insurances (including workers' compensation insurance) and administrative costs, and compels its drivers to incur certain expenses which would normally be borne by an employer, such as for fuel costs, vehicle maintenance costs, and payments to helpers.

  13.  When Spirit determines, in its sole discretion, that a delivery has been made in a manner it deems to be unsatisfactory (e.g., damaged goods, damage to customer property), Spirit will deduct the costs of such damage from Plaintiffs' pay checks. Plaintiffs cannot appeal such deductions. Spirit also deducts monies from the Plaintiffs' pay for customer complaints.

  14.  Plaintiff has sought and obtained permission from the Massachusetts Attorney General's Fair Labor Division to seek relief through a civil action.

## IV. CLASS ALLEGATIONS

15. Plaintiff brings this action individually and on behalf of a class of individuals similarly situated. Specifically, he seeks to represent a class of individuals who have performed delivery services as drivers for Spirit in the Commonwealth of Massachusetts.

16. The class meets all the prerequisites of Mass. R. Civ. P. 23. The class is so numerous the joinder of all individuals would be impractical, and proceeding as a class action is a superior method to prosecute this action. There are questions of both fact and law common to the class that make class certification appropriate, including, the question of whether Spirit misclassified its delivery drivers as independent contractors under Massachusetts law. The claims of the named Plaintiff are typical of the claims of the class members Plaintiffs and their counsel, who have been class counsel in many similar cases, will adequately represent the interests of the class.

## COUNT I

### Violation of Massachusetts Wage Law

17. Plaintiff hereby incorporates paragraphs 1-16 as if fully set forth herein, and for a cause of action by Plaintiff alleges as follows:

18. Defendant, as an employer under G.L. c. 149, § 148B, violated G.L. c. 149, § 148, by requiring (1) that the named and class Plaintiffs be subject to deductions from their paychecks for any alleged damage or problem with any delivery or installation; and (2) by requiring named and class Plaintiffs to bear the expenses of employment, such as for payments for insurance, maintenance of their vehicles, fuel expenses, and uniforms.

## COUNT II

### Unjust Enrichment

19. Plaintiff hereby incorporates paragraphs 1-16 as if fully set forth herein, and for a cause of action by Plaintiff alleges as follows:

20. As a result of the Defendant's conduct in knowingly misclassifying the named and class Plaintiffs as independent contractors and accepting the work services performed by them, the Defendant has forced its drivers to bear the costs and obligations that would normally be borne by an employer, thereby unjust enriching itself to the detriments of the named and class Plaintiffs in violation of the common law of Massachusetts. Such unjust enrichment includes the Defendant's requiring the named and class Plaintiffs to bear the costs of payroll taxes, worker's compensation, social security withholdings, etc.

## COUNT III

### Quantum Meruit

21. Plaintiff hereby incorporates paragraphs 1-16 as if fully set forth herein, and for a cause of action by Plaintiff alleges as follows:

22. The named and class Plaintiffs have been deprived by the Defendant of the fair value of their services, as described above, and are, therefore, entitled to recover in *quantum meruit*, the value of their services pursuant to the common law of Massachusetts.

### JURY DEMAND

THE PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL CLAIMS.

WHEREFORE, Plaintiff requests this honorable Court to:

i. Certify this action to proceed as a class action;

ii. Issue declaratory, injunctive, and compensatory relief as well as damages and statutory damages holding that named and class Plaintiffs have been misclassified as independent contractors when they are really employees, and requiring the Defendant to classify Plaintiffs as employees and grant them all appropriate compensatory relief as provided by law, including treble damages, attorneys' fees, interest, and costs.

Respectfully submitted,

RAMON E. VARGAS, individually and
on behalf of a class of similarly situated individuals,

By his attorneys,

/s/ Benjamin Weber
Harold L. Lichten, BBO # 549689
Benjamin J. Weber, BBO # 673736
Lichten & Liss-Riordan, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800
hlichten@llrlaw.com
bweber@llrlaw.com

James W. Simpson, Jr., BBO #634344
100 Concord Street, Suite 3b
Framingham, MA 01702
(508)872-0002
jwsimpson11@verizon.net

Dated: June 25, 2013

7