UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GARRY CIVIL, individually and on behalf of a class of similarly situated individuals,<br>   Plaintiffs,<br><br>v.<br><br>SPIRIT DELIVERY & DISTRIBUTION SERVICES, INC.,<br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 13-12635-TSH |

**ORDER**
March 24, 2017

**Hillman, D.J.**

**Introduction**

Gary Civil ("Civil" or "Plaintiff")[1] has filed suit against Spirit Delivery & Distribution Services, Inc. ("Spirit" or "Defendant") on behalf of himself and other similarly situated individuals alleging claims for violation of the independent contractor provision of the Massachusetts Wage Act, Mass.Gen.L. ch. 149, §148 (the "MWA").  During the course of this litigation, Civil became aware that Spirit had been communicating with proposed class members to obtain releases which would exclude them from the case; in return, Spirit was offering a $1,000 payment.[2]  On July 1, 2016, Civil filed an emergency motion for a protective order

---

[1] This action was originally filed against Spirit by Civil, Ramon E. Vargas and Randy Flambo who joined in the motion. On August 15, 2016, Vargas and Spirit filed a joint stipulation of dismissal and on February 9, 2017, Flambo and Spirit filed a joint stipulation of dismissal.

[2] By Memorandum of Decision and Order, dated the date hereof, I have granted Civil's motion for class action certification.

(Docket No. 133) requesting that the Court: (1) enjoin Spirit from further communications seeking to obtain alleged settlements from putative class members; (2) invalidate any alleged settlements obtained as the result of the letters and checks that Spirit had previously distributed; and (3) order Spirit to produce (a) a copy of all written communications to putative class members; (b) any purported settlements or releases obtained; (c) a list with the name and contact information of every putative class member from whom Spirit had obtained a purported settlement; (d) a list with the names and contact information of every putative class member from whom Spirit has attempted to obtain a settlement; and (e) a list with the names and contact information of every member of the putative class. I held a hearing on the motion on July 11, 2016. On July 13, 2016, I *granted* the motion in so far as I ordered Spirit to cease and desist sending communications to the proposed class members in any form without prior approval from this Court. *See* Docket Entry No. 148 ("July 13, 2016 Order").

This Order addresses Plaintiffs' Motion To Compel Production Of Documents And To Re-Open Discovery (Docket No. 152). The motion is *granted*, in part and *denied*, in part.

## Discussion

In his motion to compel, Civil asserts that since my order enjoining Spirit from communicating with prospective class members, Spirit's employees have directly or indirectly contacted a number of putative class members to obtain releases. Civil requests that Spirit should be ordered to produce all documents and materials related to communications with class members *and* that the Court amend the scheduling order to re-open discovery to determine the extent of Spirit's misconduct.[3] Civil also requests that the Court amend the scheduling order to

---

[3] Civil has filed multiple motions to supplement the record to include additional allegations of Spirit directly or indirectly contacting proposed class members after July 13, 2016. Spirit has also filed a motion to supplement the record regarding the motion to compel. Those motions (Docket Nos. 152, 154, 164, 169, 170, 174 and 182) are *granted*.

permit additional discovery to allow him to investigate all communications and circumstances that are relevant to Spirit's agreements with putative class members, and to investigate potential violations of the Court's July 13, 2016 Order.  Spirit asserts that the motion is moot because it has provided Civil with substantially all of the information he has requested.  More specifically, Spirit has produced copies of all signed releases, cashed or deposited settlement checks, and a spreadsheet which contains the name and address of each putative class member, and columns indicating whether the contractor settled. Spirit also represents that it has not sent communications regarding settlements to putative class members since July 13, 2016.  However, it acknowledges that numerous contractors have contacted it and it has reached voluntary settlement agreements with some of these contractors.

My rulings on Civil's various requests are as follows:

1. Based on Civil's submissions I do not find that Spirit violated my July 13, 2016 Order. However, the affidavits filed by some of the proposed class members suggest that the general intent of the order *may* have been violated on a few occasions.  I have granted Civil's motion for class certification and presume that going forward, Spirit and its counsel understand that once the class has been certified, all communications with proposed class members regarding this litigation must be made through class counsel.[4]  Nevertheless, to be clear, Spirit management and its counsel shall not initiate any communications with class members concerning this litigation without Court permission, including communications regarding previous settlement offers made by Spirit to them.

2. Civil's motion to compel Spirit to disclose all documents and materials related to communications with class members is *granted*.  I find that the information which Spirit represents that it has already produced is sufficient to

---

[4] As some of the proposed litigants still work for Spirit, obviously communications with class members within the ordinary course of business unrelated to the litigation are permitted without obtaining the Court's consent.

satisfy Civil's request and therefore, no further order with regard to this issue is warranted. Spirit shall, as necessary, supplement the information which it has provided regarding signed releases, cashed or deposited settlement checks, and the names and addresses of each putative class member or contractor that has settled.

3.  Civil has requested the Court amend the Scheduling Order to re-open discovery to investigate the circumstances of Spirit's communications with putative class members to investigate: (1) the "enforceability" of settlement agreements between Spirit and such class members; and (2) to investigate whether Spirit should be sanctioned for violation of the Court's July 13, 2016 Order. I do not find that Civil has established just cause for re-opening discovery. The request is *denied*.

The Court is not going to bar any party from filing any additional motions on the issues directly or by inference raised in the motion to compel. However, I will suggest that no such motions should be filed unless the matters raised therein are not only new, but are also both relevant and material to the claim *at issue in this litigation*.

## Conclusion

Plaintiffs' Motion To Compel Production Of Documents And To Re-Open Discovery (Docket No. 152) is ***granted***, in part and ***denied***, in part.

/s/ *Timothy S. Hillman*
TIMOTHY S. HILLMAN
DISTRICT JUDGE