# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **GARRY CIVIL, individually and on Behalf of a class of similarly Situated individuals,**         **Plaintiff,** <br><br> **v.** <br><br><br> **SPIRIT DELIVERY & DISTRIBUTION SERVICES, INC.,**         **Defendant.** | **Civil Action No. 13-12635-TSH** |

## <u>ORDER</u>
June 8, 2017

**HILLMAN, D.J.**

### <u>Background</u>

Civil ("Civil" or "Plaintiff"), suing on behalf of himself and other similarly situated individuals, has filed suit against Spirit Delivery & Distribution Services, Inc. ("Spirit" or "Defendant") alleging claims for violation of the independent contractor provision of the Massachusetts Wage Act, Mass.Gen.L. ch. 149, §148. On March 24, 2017, I issued a Memorandum of Decision and Order (Docket No. 187), in which I allowed Civil's motion for class certification, denied his motion for summary judgment and allowed, in part, Defendant's motion for summary judgment. I also ordered Civil to provide the Court with (1) proposed class certification order defining the class, *etc*.; and (2) a proposed from of notice in accordance with Fed.R.Civ.P.23(c)(2)(B). Defendant has filed a Motion for Reconsideration (Docket No. 191) requesting that the Court vacate its order approving certification of the class, and an objection to the proposed class certification order and form of notice.

## Motion For Reconsideration Of Class Certification

Spirit requests that the Court reconsider it order certifying the class in light of a recent decision issued by the Massachusetts Supreme Judicial Court which it argues will require the factfinder to make a determination as to whether each putative class member elected to operate as a legitimate business entity, or was required to do so by Spirit— a determination that, according to Spirit, will involve individual inquiries which are not subject to common proof. However, the case cited by Spirit, *Chambers v. RDI Logistics, Inc.*, 476 Mass. 95, 109, 65 N.E.3d 1, 14 (2016), was issued well before I made my decision and was considered by me in making the decision that class certification is appropriate.

Spirit asserts that over eighty-five percent of the putative class members have settled and signed releases. Spirit argues that in light of this development, class certification is inappropriate because given that there are less than twenty (20) putative class members remaining, Plaintiff can no longer meet Mass.R.Civ.P. 23(a)'s numerosity requirement. Presently pending before the Court is Plaintiff's Motion to Strike Purported "Releases" of Class Members (Docket No. 198). The Court will be setting a hearing date on this motion. In addition to arguing their respective positions, the parties shall be prepared to discuss whether further proceedings (such as evidentiary hearings) will be necessary and/or appropriate in order to make a determination regarding the validity of the releases. If I ultimately make a finding that some or all of the releases are valid and binding, I will then consider whether it is appropriate to vacate the class certification order. At present, I am denying Spirit's motion for reconsideration.

## Proposed Class Certification Order And Notice

Spirit objected to the original proposed class certification order and class notice filed by Civil. *See Pl.'s Notice of Filing of 1) Proposed Class Certification Order And 2) Proposed Class*

*Notice* (Docket No. 190) and *Def.'s Objection To Pl.'s Proposed Class Certification Order and Proposed Class Notice* (Docket No. 193). Thereafter, Civil filed Plaintiff's Reply In Support of Class Certification Order And Class Notice (Docket No. 202) in which he submitted a revised proposed class certification order and revised class notice. Spirit has not objected to the revised proposed class certification order and class notice. Accordingly, the Court shall issue a Class Certification Order substantially identical to Civil's revised proposed order; the revised class notice is approved.

## Conclusion

It is hereby ordered that:

1.      The Motion for Reconsideration (Docket No. 191) is ***denied.***

2.      Plaintiff's proposed class certification order is approved and shall be issued forthwith. Plaintiff's proposed from of class notice is approved.

*/s/ Timothy S. Hillman*
TIMOTHY S. HILLMAN
UNITED STATES DISTRICT JUDGE